IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN A. SANTA CRUZ-BACARDI, *et al.*,

**Plaintiffs**

v.

METRO PAVIA HOSPITAL, INC, *et al.*,

**Defendants**

CIVIL NO. 16-2455(RAM)

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is *Plaintiffs' Motion for Reconsideration of Opinion and Order at Docket No. 103* ("Motion for Reconsideration"). (Docket No. 104). Subsequently, Defendant Dr. Máximo Blondet Passalacqua filed a *Response to Plaintiffs' Motion for Reconsideration of Opinion and Order, Docket No. 103* ("Response") (Docket No. 105). For the reasons set forth below, the Court **DENIES** Plaintiffs' *Motion for Reconsideration*.

I.  BACKGROUND

On August 7, 2016, Plaintiffs Mr. Juan Santa Cruz Bacardí and Mrs. Mireya Santa Cruz Bacardí sued Dr. Gaspar Fuentes Mejía and Metro Pavía Hospital, Inc. d/b/a/ Hospital Pavia Santurce for alleged medical malpractice which resulted in the death of their father, Mr. Juan Santa Cruz Sigarreta ("Santa Cruz Sigarreta"). (Docket No. 1 at 5-6). Dr. Máximo Blondet Passalacqua ("Dr.

Blondet") was included as a Defendant in the *Second Amended Complaint* filed on August 11, 2017. (Docket No. 27). On November 4, 2017, Dr. Blondet filed an *Answer to Second Amended Complaint* denying all allegations. (Docket No. 40). Additionally, on December 10, 2018, Dr. Blondet filed a *Motion in Limine* wherein he requested that the expert report and testimony of Dr. Ian Cummings ("Dr. Cummings") be excluded with regards to him. (Docket No. 64). Premised on the inadmissibility of Dr. Cummings' expert testimony, Dr. Blondet also requested that the Court dismiss with prejudice Plaintiffs' claims against him. (Docket No. 64 at 31).

On July 26, 2019, the Court granted in part and denied in part the *Motion in Limine* filed by Dr. Blondet. (Docket No. 103). The Court determined that Dr. Cummings' expert report failed to establish a national standard of care or to meet the Fed. R. Evid. 702 and Rule Fed. R. Civ. P. 26 standards. (Docket No. 103). Thus, the Court excluded the report as to Dr. Blondet. Id. However, given that a motion *in limine* cannot substitute a motion for summary judgement, the claims against Dr. Blondet were not dismissed. Id.

Subsequently, Plaintiffs filed a *Motion for Reconsideration* alleging that the reasons underpinning the Court's decision were not presented by Dr. Blondet in his *Motion in Limine* and they had not had the chance to address them. (Docket No. 104 at 4). They therefore petition the Court to reconsider its decision at Docket No. 103.

## II. LEGAL STANDARD – MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. If a motion seeks to alter or amend a judgement, Courts may consider them under Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment") or Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding." *See* Ruiz-Justiniano v. United States Postal Serv., 2018 WL 4562080, at *1 (D.P.R. 2018). Even then, the U.S. Court of Appeals for the First Circuit ("First Circuit") states that it is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). A district court may **only** grant one if there is a "manifest error of law, […] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 2019 WL 3716472, at *2 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

A motion for reconsideration "**is unavailable if said request simply brings forth a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court.**" Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018). Further, it may not be brought by a losing party "to raise new legal theories that should have been raised earlier." Maldonado Morales v. Noya Monagas, 2010 WL

2998847, at *2 (D.P.R. 2010). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 2019 WL 3716472, at *2 (quotation omitted).

### III. ANALYSIS

Plaintiffs contend that some of the reasons underpinning the Court's decision in its *Opinion and Order* at Docket No. 103 was not a part of Dr. Blondet's *Motion in Limine* and thus were not addressed by them beforehand. (Docket No. 104 at 4). These include: that Dr. Cummings' expert opinion consists of legal conclusions, that his report failed to establish how he reached his conclusions regarding standard of care, and that his report failed to articulate a national medical standard. Id. at 3-4. Therefore, Plaintiffs request that the Court reconsider its *Opinion and Order* and allow Dr. Cummings to testify as to the duty owed by Mr. Blondet to Mr. Santa Cruz Sigarreta. (Docket No. 104 at 4). Moreover, Plaintiffs request that Dr. Cummings' be allowed to testify regarding the causal link between said breach of duty and damages against Dr. Blondet. Id. Additionally, Plaintiffs suggest that to establish the duty of care owed by Dr. Blondet to Mr. Santa Cruz Sigarreta, "the articulation of a national standard of care is not required in order to meet the first element of an action under Article 1802 of the Puerto Rico Civil Code." (Docket No. 104 at 11). Instead, Plaintiffs argue that their allegations against Dr. Blondet entail "showing that Dr. Blondet had a duty to act [as

a reasonable and prudent man], yet failed to do so, and as a result a foreseeable injury occurred." Id. at 11-12. They then cite Dr. Jesus Casal Hidalgo's testimony which supposedly shows that Dr. Blondet's own expert witness could not declare that Dr. Blondet acted in a prudent manner. Id. at 12. Finally, Plaintiffs aver that Dr. Cummings' report was based on Mr. Santa Cruz Sigarreta's medical records and other additional data to reach his conclusions and thus were well-founded. Id. at 13-16. In the alternative, Plaintiffs request that the Court hold in abeyance its determination regarding Dr. Blondet's *Motion in Limine* until a Daubert hearing has taken place. Id. at 19.

For his part, Dr. Blondet contends that his *Motion in Limine* and subsequent *Reply* already argued that Dr. Cummings' report failed to include much medical literature regarding standards of practice and care. (Docket No. 105 at 11). Dr. Blondet further contends in his *Response* that while Dr. Cummings' conclusions were based only on his experience, they still failed to state a national standard of care. Id. at 12-13. He also posits that in their *Motion for Reconsideration*, Plaintiffs seem to allege that they have a separate cause of action under Puerto Rico's general tort statute, Article 1802, pertaining to Dr. Blondet's alleged abandonment of Mrs. Santa Cruz Sigarreta. (Docket No. 105 at 16; Docket No. 104 at 11-12). However, Dr. Blondet contends no such separate cause of action exists. Hence, any claim of medical abandonment needs to be

seen under the umbrella of medical malpractice. (Docket No. 105 at 15-16).[1] As such, Dr. Blondet's *Response* explained that the *Motion for Reconsideration* should be denied because it failed to provide new evidence not previously available, did not present an intervening change in controlling law and moreover, and was not necessary to correct a clear error of law or to prevent a manifest injustice. Id. at 2.

The Court agrees with Dr. Blondet. Plaintiffs failed to establish a manifest error of law or provide newly discovered evidence showing that Dr. Cummmings' report included a standard of care and was therefore wrongly excluded from the record. Moreover, Plaintiffs' reliance on the first element of Article 1802 of the Puerto Rico Civil Code ("Article 1802"), that is the "reasonable man" standard without reference to medical standard of care, is misplaced. (Docket No. 104 at 9-12). The case law simply does not support Plaintiffs' argument. While medical malpractice claims are governed by Article 1802 of the Puerto Rico Civil Code, case law has consistently reiterated the following specific *prima facie*

---

[1] Multiple state law cases hold the same. Plaintiffs cited Melton v. Medtronic, Inc., 698 S.E.2d 886 (S.C. Ct. App. 2010); *see also* A.K. by & through Kocher v. Durham Sch. Servs., L.P., 2016 WL 11248525, at *3 (W.D. Tenn. 2016) ("However, this Court did not find any instances of abandonment outside the context of medical malpractice."); Williams by & through Williams v. Fulton Cty. Sch. Dist., 2015 WL 13264434, at *9 (N.D. Ga. 2015); Cregan v. Sachs, 879 N.Y.S.2d 440 (App. Div. 1st Dep't 2009). Plaintiffs had originally cited Melton in their *Response* to the *Motion in Limine* at Docket No. 64 (Docket No. 74) stating that expert testimony was not necessary in cases of abandonment as it was a form of medical malpractice. However, Dr. Blondet rightfully pointed out that Melton states that as abandonment and medical malpractice are not separate causes of action, thus an expert opinion was necessary. (Docket No. 105 at 14-15).

elements of a medical malpractice claim: "(1) the duty owed (i.e., the minimum standard of professional knowledge and skill required in the relevant circumstances); (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach and the harm." Laureano Quinones v. Nadal Carrion, 2018 WL 4057264, at *2- 3 (D.P.R. 2018) (quoting Marcano Rivera v. Turabo Medical Ctr. P'ship, 415 F.3d 162, 167 (1st Cir. 2005)). Therefore, addressing the general elements of a *prima facie* claim under Article 1802, while casting a blind eye on the specific elements that are required for a malpractice claim under the same statute, does not suffice. Moreover, the elements of medical malpractice claims such as standard of care and causation generally require expert testimony. *See* Alers v. Barcelo, 2016 WL 4148237, at *3 (D.P.R. 2016).

Further, the Court already considered the evidence presented in support of admitting Dr. Cummings' expected testimony when it reviewed the *Motion in Limine* at Docket No. 64. A motion for reconsideration "cannot be used as a vehicle to relitigate matters already litigated and decided by the court." Ruiz-Justiniano, 2018 WL 4562080, at *1 (quotation omitted). The Court also reviewed the evidence presented in support of excluding Dr. Cumming's expected testimony. After an extensive review of the relevant submissions in the Docket, the Court concluded Dr. Cummings was qualified to opine on Dr. Blondet's alleged medical malpractice but his expected

testimony failed to establish the national standard of care that Dr. Blondet should have heeded, as required by medical malpractice case law. (Docket No. 103 at 12-13). Hence Dr. Cummings' expected testimony failed to meet the requirements of Fed. R. Evid. 702 and Rule Fed. R. Civ. P. 26. S*ee e.g.*, Laureano Quinones v. Nadal Carrion, 2018 WL 4057264, at *2- 3 (D.P.R. 2018) (quotation omitted); *see also*, Lawrey v. Good Samaritan Hosp., 751 F.3d 947, 953 (8th Cir. 2014) (wherein the Eight Circuit Court of Appeals held that the District Court did not err in denying a motion for reconsideration of a motion *in limine* which allegedly stated that excessive physician-applied traction was the most likely cause of a baby's injury, and ruled out other potential causes). To wit, the Lawrey Court emphasized that "if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." Lawrey, 751 F.3d at 952-53 (quotation omitted). This Court used a similar reasoning in its *Opinion and Order* when stating that Dr. Cummings' expert report was inadmissible as to Dr. Blondet. (Docket No. 103 at 14).

Finally, the Court finds that Plaintiffs have not shown that the Court committed an error of law, that there was an intervening change in the law or why denying reconsideration of the exclusion of Dr. Cummings' expected testimony would lead to a manifest injustice. Hence "[a]s [Plaintiffs'] argument is based on old evidence and constitutes a rehashing of arguments already

presented […] [against a motion in limine], the court must [deny] reconsideration on this ground." Maldonado Morales v. Noya Monagas, 2010 WL 2998847, at *2 (D.P.R. 2010); *see also*, Walsh v. Chez, 2008 WL 539146 (N.D. Ill. 2008). In Walsh, the U.S. District Court for the Northern District of Illinois denied a motion for reconsideration after denying a motion *in limine* in a medical malpractice case in which expert testimony had failed to include a standard of care. The Walsh Court, as in the present case, determined that Plaintiffs had failed to produce new evidence, argue an intervening change in the law or prove a manifest error in law, thus a denial of the motion for reconsideration was proper.

Lastly, as the Court has a sufficient record upon which to rule, a Daubert hearing is unnecessary.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' *Motion for Reconsideration* at Docket No. 104 is **DENIED**. Dr. Cummings' supplemental report and expected testimony are inadmissible as they failed to comply with the standards in Fed. R. Evid. 702, Rule Fed. R. Civ. P. 26 and case law regarding standard of care and medical malpractice.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 17th day of September 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge