IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN A. SANTA CRUZ BACARDI, et al.<br><br>**Plaintiffs**<br><br>vs.<br>METRO PAVIA HOSPITAL, INC, et al.<br><br>**Defendants** | CIVIL NO: 16-02455 (RAM) |

**OPINION AND ORDER**

Pending before the Court is Dr. Máximo Blondet-Passalacqua ("Dr. Blondet's") *Motion Adopting Expert* ("Motion"). (Docket No. 95). Also pending before the Court is Plaintiffs' *Response in Opposition to Codefendant Dr. Máximo Blondet's "Motion Adopting Expert", at Docket No. 95, And Request for Order Under Rule 37 of the Federal Rules of Civil Procedure Precluding the Supplemental Designation of a Second Expert Witness*. ("Response") (Docket No. 102). For the reasons set forth below, the Court **DENIES** Dr. Blondet's *Motion* and **GRANTS** Plaintiffs' *Response*.

I. BACKGROUND

On August 7, 2016, Plaintiffs Mr. Juan Santa Cruz-Bacardí and Mrs. Mireya Santa Cruz-Bacardí sued Dr. Gaspar Fuentes-Mejía and Metro Pavía Hospital, Inc. d/b/a/ Hospital Pavia Santurce, for alleged medical malpractice which resulted in the death of their

father, Mr. Juan Santa Cruz-Sigarreta ("Santa Cruz-Sigarreta"). (Docket No. 1 at 5-6).

Dr. Blondet was included as a co-defendant in the *Second Amended Complaint* filed on August 11, 2017.[1] Accordingly, the Court provided Dr. Blondet until October 31, 2018 to conduct factual and expert discovery. (Docket No. 46). On May 17, 2018, the Court granted his motion announcing his expert, Dr. Jesús Casals, and provided an extension to notify his expert's report until May 30, 2018. (Docket No. 51). On December 7, 2018, the discovery cut-off date for all Parties was reset for a final time until February 1, 2019. (Docket No. 63).

On June 20, 2019, Dr. Blondet informed the Court that he had contracted Dr. Novoa Loyola ("Dr. Novoa") as his second expert. (Docket No. 95). Subsequently, Plaintiffs requested for the Court to preclude Dr. Novoa's testimony due to Dr. Blondet's failure to divulge his expert witness in a timely fashion. (Docket No. 102 at 19-20). In doing so, they allege Dr. Blondet failed to comply with Rules 26(a)(2)(D), 26(e) and 37 of the Federal Rules of Civil Procedure. Id. at 10-11.

---

[1] The Court notes that Plaintiffs filed a *Motion for Partial Voluntary Dismissal, with Prejudice, due to Settlement*, requesting that the Court issue a partial judgement in favor of Defendant Metro Santurce, Inc., d/b/a Hospital Pavía Santurce. (Docket No. 52). The *Motion for Voluntary Dismissal* was GRANTED pursuant to Docket No. 53. On September 6, 2019, Plaintiffs filed a *Notice for Partial Voluntary Dismissal, with Prejudice, due to Settlement*, requesting a partial judgement in favor of Defendants Dr. Gaspar Fuentes Mejía and Emergency Medical Service, Inc. (Docket No. 112). The Court issued a partial judgment as to those Defendants on September 9, 2019 (Docket No. 114). **Therefore, the sole remaining Defendant in the case at bar is Dr. Blondet.**

## II. Discussion

Fed. R. Civ. P. 26(a)(2)(D), states that a party is required to offer "its expert disclosures at the time and in the sequence that the court orders." Said Rule also explains that in the absence of "a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial […]; or (ii) if […] solely to contradict or rebut evidence […], within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D). Likewise, expert disclosures must be done in accordance with Fed. R. Civ. P. 26(e). This subsection of Fed. R. Civ. P. 26 addresses supplementing disclosure and responses and states:

> **(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.

Finally, Fed. R. Civ. P. 37(c) serves as an "enforcement mechanism" for both aforementioned subsections of Fed. R. Civ. P. 26. This District has stated that pursuant to Fed. R. Civ. P. 37(c), "when a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or is harmless." Vargas-Alicea v. Cont'l Cas. Co., 2019 WL 1453070, at *5 (D.P.R. 2019). It is the party facing sanctions, here defendant Dr. Blondet, who has "the burden of proving substantial justification or harmlessness to get a penalty less severe than evidence preclusion." Eldridge v. Gordon Bros. Grp., L.L.C., 863 F.3d 66, 85 (1st Cir. 2017). The U.S. Court of Appeals for the First Circuit ("First Circuit") reviews exclusion of expert testimony for failure to comply with Fed. R. Civ. P. 26(e) using a deferential standard. For example, in Thibeault v. Square D Co., the First Circuit stated:

> Our oversight must proceed in a manner highly respectful of the trial court's intimate knowledge of the case's ebb and flow. Indeed, so deferential is the standard that, in virtually every case in which we have reviewed a trial court's sanction order under Fed.R.Civ.P. 26(e) (the rule at issue in the instant case), we have affirmed the lower court's exercise of its informed discretion. […] The basis for such deference is rock solid. "District judges live in the trenches, where discovery battles are repeatedly fought. They are, by and large, in a far better position than appellate tribunals to determine the presence of misconduct and to prescribe concinnous remedies." *Fashion House, Inc. v. K Mart Corp.,* 892 F.2d 1076, 1082 (1st Cir.1989). Thibeault v. Square D Co., 960 F2d 239, 243-244 (1st Cri. 1992).

In this case, the parties had until February 1, 2019 to conduct discovery. Moreover, the Court had provided Defendant until May 30, 2018 to notify its expert report. Thus pursuant to

Fed. R. Civ. P. 26 (a) and (e), Dr. Blondet had the obligation to disclose his second expert on or before May 30, 2018.  Given that he was made aware of those deadlines via Court order, Dr. Blondet cannot claim that his *Motion* falls under the exception provided by Fed. R. Civ. P. 26(a)(2)(D) which states that a party may file an expert report either ninety (90) days before the trial date or within thirty (30) days after the other party's disclosure to contradict evidence. *See* Fed. R. Civ. P. 26(a)(2)(D).

Thus, the Court agrees with Plaintiffs that Dr. Blondet's request for a second expert witness filed **"over twelve (12) months after the deadline for Dr. Blondet to submit his expert's report had expired and over [four (4)] […] months after the court's deadline to carry out factual and expert witness discovery in this case had expired"** is untimely and should be excluded. (Docket No. 102 at 3). Dr. Blondet's belated motion to adopt Dr. Novoa as his own expert left Plaintiffs with no time to depose this second expert witness as the discovery cut-off period **had already elapsed four (4) months prior**. *See* Rodriguez-Vicente v. Hogar Bella Unión, Inc., 2016 WL 2733120, at *1 (D.P.R. 2016) ("[The disclosure of the expert's addendum] took place one and two days respectively prior to expiration of the discovery deadline, leaving the opponents with no meaningful time to depose those experts within the period authorized for discovery. […] [The] late disclosure of Dr. Quesada is not harmless.")

Likewise, Dr. Blondet offered **no justification** as to why he filed his *Motion* adopting Dr. Novoa's testimony a year *after* disclosing his own expert and four (4) months after the close of discovery. His actions therefore cannot be deemed harmless. *See* Thibeault, 960 F.2d at 247 ("Given the appellant's egregious breach of Rule 26(e), we do not believe that the district court exceeded its lawful powers in employing a preclusionary sanction. While we acknowledge that preclusion of expert testimony is a grave step, not to be undertaken lightly […] it is nonetheless […] available for use in suitable cases.") Consequently, the Court believes this is one of those cases. Furthermore, other judges in the District of Puerto Rico have reached similar conclusions in cases involving the untimely disclosures of expert testimony. *See e.g.*, Ortiz v. Bioanalytical Instruments, Inc., 2017 WL 4142589, at *2 (D.P.R. 2017) ("Ms. Parra-Figueroa's report was produced after expiration of the court-set period for plaintiff to produce her expert report and just a few hours before the expiration of the cutoff to conduct discovery, effectively compromising defendant's ability to carry out complete expert related discovery within that period."); Berio-Ramos v. Flores-Garcia, 2016 WL 868804, at *2 (D.P.R. 2016) ("The late disclosure blocked Flores' access to meaningful discovery regarding that witness' contemplated testimony. […] No persuasive reason has been proffered for the late disclosures. […] [U]ntimeliness cannot be considered harmless.")

### III. CONCLUSION

For the reasons stated above, defendant Dr. Blondet's *Motion Adopting Expert* at Docket No. 95 is **DENIED**. Further, Plaintiffs' *Response in Opposition to Codefendant Dr. Máximo Blondet's 'Motion Adopting Expert', at Docket No. 95, And Request for Order Under Rule 37 of the Federal Rules of Civil Procedure Precluding the Supplemental Designation of a Second Expert Witness* at Docket No. 102 is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 18th day of September 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge